UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL WOLKOSKY AND
ANNA WOLKOSKY,
        Plaintiffs,

v.

21st CENTURY CENTENNIAL
INSURANCE COMPANY,
        Defendant.

Case No.: 2:10-cv-439
JUDGE GREGORY L. FROST
Magistrate Judge TERRENCE P. KEMP

## OPINION AND ORDER

This matter is before the Court pursuant to Defendant's Motion to Bifurcate and Stay Plaintiffs' Claims for Bad Faith and Punitive Damages. (Doc. # 3.) Plaintiffs filed a memorandum in opposition. (Doc. # 12.) Defendant has replied, and the motion is now ripe for review. (Doc. # 14.) For the reasons that follow, the Court **DENIES** Defendant's motion.

### I. Background

Plaintiffs, Michael Wolkosky and Anna Wolkosky, initiated this action for breach of contract related to underinsured motorist coverage, insurance bad faith, and punitive damages arising out of an April 24, 2008 automobile accident with non-party Marian Taylor. Mr. Walkosky was injured in the accident and claims medical expenses of more than $30,000. (Doc. # 12, at 2.) At the time of the accident, Defendant insured Plaintiffs with an automobile policy that included uninsured/underinsured motorists coverage. (Doc. # 2, at 2; Doc. # 5, at 1.) Plaintiffs, with Defendant's permission, reached a settlement with Taylor's automobile insurer, Safe Auto Insurance Company, for the policy limits of $12,500. (Doc. # 2, at 2-3; Doc. # 5, at 1.) Subsequently, Plaintiffs and Defendant have failed to reach an agreement to settle Plaintiffs'

1

underinsured motorist claim. Plaintiffs filed the instant action in Cuyahoga County Common Pleas Court on April 14, 2010, claiming breach of contract, bad faith, and punitive damages. (Doc. # 4.) Defendant filed notice of removal on diversity grounds on May 10, 2010. (Doc. # 1.) Defendant now moves to bifurcate and stay Plaintiffs' bad faith and punitive damages claims pending resolution of the breach of contract claim. (Doc. # 3.)

## II. Discussion

### A. Standard Involved

The Court must determine the correct standard to apply in considering Defendant's motion to bifurcate. Defendant argues that bifurcation of Plaintiffs' punitive damages claim is mandatory under Ohio Revised Code § 2315.21(B), which calls for bifurcation upon the motion of any party in a tort action in which the plaintiff makes claims for both compensatory and punitive damages. (Doc. # 3, at 4.) Settled law firmly establishes that a federal court sitting in diversity applies state substantive law and federal procedural law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Hanna v. Plumer,* 380 U.S. 460, 465 (1965); *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 374 (6th Cir. 2009); *Spence v. Miles Lab., Inc.*, 37 F.3d 1185, 1188 (6th Cir. 1994). Defendant conclusively asserts that Ohio Revised Code § 2315.21(B) mandates bifurcation in the instant case. However, Defendant fails to address the implications of *Erie* and its progeny, which clarify that when the plain meaning of a Federal Rule of Civil Procedure and state law directly collide, the analysis in *Hanna* applies if the scope of the Federal Rule is "sufficiently broad to control the issue before the Court." *Walker v. Armco Steel Corp.*, 446 U.S. 740 (1978); *see Rosales v. Honda Motor Co.*, 726 F.2d 259, 260 (5th Cir. 1984).

In the instant case, the federal rule at issue, Rule 42(b), is sufficiently broad to control the

issue before the Court. Discretion whether or not to bifurcate falls squarely within the scope of Federal Rule of Civil Procedure 42(b)'s language that a court "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim." *Saxio*, 86 F.3d at 556 (holding that the decision to bifurcate falls within the discretion of the court). Therefore, the analysis in *Hanna* applies.

In *Hanna*, the Court held that the applicable test when a Federal Rule clearly applies is not *Erie*, but rather whether the Federal Rule is within the scope of the Rules Enabling Act, 28 U.S.C. § 2072, and if so, whether the Federal Rule is within a constitutional grant of power. 380 U.S at 473-74. The separate *Hanna* test for Federal Rules, as opposed to other federal procedural law to which the *Erie* test would apply, derives from "the constitutional provision for a federal court system (augmented by the Necessary and Proper Clause) [which] carries with it Congressional power to make rules governing the practice and pleading in those courts." *Id.* at 472. This Congressional power "includes a power to regulate matters which, though falling within the uncertain area between substance and procedure, are rationally capable of classification as either." *Id.* The Court concluded that "[t]o hold that a Federal Rule of Civil Procedure must cease to function whenever it alters the mode of enforcing state-created rights would be to disembowel either the Constitution's grant of power over federal procedure or Congress' attempt to exercise that power in the Enabling Act." *Id.* at 473-74.

Under the analysis in *Hanna*, this Court must determine whether Federal Rule of Civil Procedure 42(b) falls within the scope of the Rules Enabling Act, which requires that rules promulgated pursuant to the Act "shall not abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2072. The Court concludes that even when reading it in the most generous light for

3

Defendant, the provision in Ohio Revised Code § 2315.21(B) mandating bifurcation falls "within the uncertain area between substance and procedure" and is "rationally capable of classification of either." *Hanna*, 380 U.S. at 472.  Procedural rules regulate " 'the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them.' " *Id.* at 464 (quoting *Sibbach v. Wilson & Co.*, 312 U.S. 1, 14 (1941)).  On its face, the bifurcation mandate in Ohio Revised Code § 2315.21(B) appears to prescribe a judicial process for enforcing a substantive right to punitive damages in a tort action, making it a procedural law.  Defendant does not contend that the statute is substantive.  Even assuming, *arguendo*, the rationality of a potential substantive reading, when a statute can rationally be classified as either substantive or procedural, the statute "must yield to the strong presumptive validity of the properly promulgated federal procedural rule, which will be upheld as controlling the procedure in the federal court."  *Rosales*, 726 F.2d at 262. Therefore, Federal Rule of Civil Procedure 42(b) does not "abridge, enlarge, or modify any substantive right" against the proscription of the Rules Enabling Act because the Ohio statute is procedural, not substantive, for the purposes of analysis under *Hanna*.

 This conclusion accords with "ample precedent" that federal law should govern bifurcation in diversity cases.  *Tuttle v. Sears, Roebuck, and Co.*, 2009 WL 2916894, at *2 (N.D. Ohio Sept. 4, 2009) (applying Rule 42(b) instead of Ohio Rev. Code § 2315.21(B)); *see Hamm v. Am. Home. Prod. Co.*, 888 F.Supp 1037, 1038-39 (E.D. Cal. 1995) (applying Rule 42(b) instead of California statute concerning the timing of when evidence about a defendant's wealth is to be admitted at trial); *Simpson v. Pittsburgh Corning Corp.*, 901 F.2d 277, 283 (2d Cir. 1990) (applying Rule 42(b) instead of New York common law requiring that evidence of defendant's

wealth be admitted only after a finding in favor of punitive damages); *Rosales*, 726 F.2d at 261 (applying Rule 42(b) instead of Texas law requiring that liability and damages be tried in a single proceeding); *Moss v. Associated Transp., Inc.*, 344 F.2d 26, 25 (6th Cir. 1965) (*pre-Hanna* opinion applying Rule 42(b) instead of Tennessee law requiring that liability and damages be tried in a single proceeding).

This Court concludes that Federal Rule of Civil Procedure 42(b) governs our analysis of Defendant's motion. The Federal Rules of Civil Procedure permit a court to order a separate trial for one or more claims "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b).  The decision to bifurcate lies within the sound discretion of the district court. *Saxio v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996) (citing *Davis v. Freels*, 583 F.2d 337, 343 (7th Cir. 1978)).  However, bifurcation is "the exception to the general rule" that favors resolving disputes in a single proceeding. *Chubb Custom Ins. Co. v. Grange Mut. Cas. Co.*, 2008 WL 4823069, at *2 (S.D. Ohio) (citing *Lis v. Robert Packer Hosp.*, 579 F.2d 819, 824 (3d Cir. 1978)).  A bifurcation decision should be grounded in the facts and circumstances of the individual case. *Saxio*, 86 F.3d at 556.  A court's analysis of the case's facts and circumstances should include "the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy." *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007) (quoting *Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997)).

**B. Analysis**

The first of three factors that a court looks to when considering a Federal Rule of Civil Procedure 42(b) motion to bifurcate is the potential prejudice to the parties. *Wilson*, 477 F.3d at 339.  Defendant argues that trying Plaintiffs' breach of contract and bad faith claims

simultaneously would be "unduly and incurably prejudicial" to Defendant's defense of the breach of contract claim. (Doc. #3, at 3.) Defendant supports this contention with two arguments: (1) Defendant anticipates that on the bad faith claim Plaintiffs will seek discovery of Defendant's claims file, which Defendant asserts contains documents protected under the work product and attorney-client privileges, and (2) Defendant anticipates that Plaintiffs' counsel will be a "necessary witness" in its defense of Plaintiff's bad faith claim, necessitating disqualification of Plaintiffs' counsel under Rule 3.7 of the Ohio Rules of Professional Conduct unless the breach of contract claim is bifurcated. (Doc. #3, at 3-4.)

Defendant's concern regarding the discovery of protected materials in its claims file is legitimate but not determinative in this case. The Ohio Supreme Court has held that in a bad faith insurance coverage action, "the insured is entitled to discover claims file materials containing attorney-client communications related to the issue of coverage that were created prior to the denial of coverage." *Boone v. Vanliner Ins. Co.*, 744 N.E.2d 154, at syllabus (2001). The Court in *Boone* also recognized the potential for discovery of claims file materials to prejudice the insurance company's defense of the underlying policy claim. *Id.*, at 158. Accordingly, the Court permitted a stay of discovery on the bad faith claim, including the claims file, until the policy claim was resolved. *Id.* Defendant points out that Ohio appellate courts have subsequently held that failure to bifurcate and stay discovery in such cases is "grossly prejudicial" to the insurance companies' defenses, and thus constitutes an abuse of the trial court's discretion. *Garg v. State Auto. Mut. Ins. Co.*, 800 N.E.2d 757, 763 (Ohio Ct. App. 2003).

However, Plaintiffs contend that Defendant's mere assertion of prejudice from permitting discovery on the bad faith claim fails to make a showing sufficient to require bifurcation. (Doc.

# 12, at 4.)  Ohio federal courts have held that "*Boone* and *Garg* do not stand for the proposition that defendants in bad-faith cases faced with such disclosure will always suffer prejudice or that a stay of discovery on bad-faith issues is always justified."  *Woods v. State Farm Fire & Cas. Co.*, 2010 WL 1032018, at *3 (S.D. Ohio March 16, 2010) (citing *Bondex Int'l, Inc. v. Hartford Accident & Indemn. Co.*, 2004 WL 5690159, at *3 (N.D. Ohio Feb. 19, 2004 )).  Rather, a defendant must make a specific showing that the discovery will prejudice its defense.  *See Bondex*, at *3; *Gaffney v. Fed. Ins. Co.*, 2008 WL 3980069, at *2 (N.D. Ohio Aug. 21, 2008).

Unlike the defendants in *Boone* and *Garg*, who challenged the production of specific documents that they contended were privileged, here Defendant provides only a mere assertion of prejudice.  Although this assertion is insufficient to require bifurcation, Defendant can still guard against prejudice by challenging future discovery requests that it believes seek privileged documents.  *See Maxey v. State Farm Fire & Cas. Co.*, 569 F. Supp.2d 720, 723 (S.D. Ohio 2008).

Next, Defendant advances a novel argument that failure to bifurcate this trial will necessitate disqualification of Plaintiffs' counsel under Ohio Rules of Professional Conduct Rule 3.7.  (Doc. # 3, at 4.)  Rule 3.7 indicates that "[a] lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness" unless at least one of three exceptions applies.  Without ruling on the issue, which is premature, this Court notes that the necessity of disqualification of Plaintiffs' counsel remains far from certain.  More importantly, this ethical issue bears no discernable relationship to prejudice against Defendant.  Defendant offers no explanation of how disqualification of Plaintiffs' counsel would adversely affect its defense on any of Plaintiffs' claims.

The Court next considers the effect of bifurcation on the possible confusion of jurors. Defendant appears to concede this point considering that it does not argue that failure to bifurcate will result in juror confusion. Nor does the simple fact that breach of contract of insurance coverage and bad faith claims will be tried jointly give sufficient reason to believe that jury confusion would result. *See Woods*, 2010 WL 1032018, at *3 (citing *Hauck Holdings Columbia SC, LLC v. Target Corp.*, 2009 WL 1459562, at *2 (S.D. Ohio May 26, 2009). Therefore, the Court finds that no possibility of juror confusion shades the analysis toward bifurcation in this case.

Finally, the Court considers the convenience and economy resulting from its decision. Plaintiffs argue that bifurcating their claims would serve to delay resolution of the matter and possibly even prejudice Plaintiffs. (Doc. 12, at 5.) Alternatively, Defendant argues that "Plaintiffs' bad faith claim puts the proverbial cart before the horse" by simultaneously trying a bad faith claim with a breach of contract claim that must be proven before the bad faith claim becomes ripe. (Doc. # 3, at 5.) However, a defendant may not ground its bifurcation argument on the mere possibility that resolution of the breach of contract issue may preclude the plaintiff's bad faith claim. *Gen. Elec. Credit Co. v. Nat'l Fire Ins. of Hartford*, 2009 WL 3210348, at *4 (S.D. Ohio Sept. 30, 2009) (citing *Klein v. State Farm Fire & Cas. Co.*, 250 Fed. App'x 150, 156-57 (6th Cir. 2007)). Moreover, if the Court were to permit bifurcation, the management of a jury during the period between each phase of the trial becomes an obvious problem.

On the whole, in this case the interest in a fair and expeditious resolution of Plaintiffs' claims argues against bifurcation.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendants' Motion to Bifurcate and Stay. (Doc. # 3.)

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE